OPINION *Page 2 
{¶ 1} Defendant-appellant Roger Lemley appeals from the March 20, 2006, Journal Entry of the Morrow County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 30, 2002, appellant was cited for domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. At his arraignment on September 5, 2002, appellant entered a plea of not guilty to the charge.
 {¶ 3} Pursuant to a Journal Entry filed on March 27, 2003, the charge was amended to domestic violence, a misdemeanor of the fourth degree.
 {¶ 4} Subsequently, on November 1, 2005, appellant entered a plea of no contest to an amended charge of disorderly conduct, a misdemeanor of the fourth degree. The trial court found appellant guilty of such charge. Pursuant to a Journal Entry filed on the same day, appellant was sentenced to thirty (30) days in jail and ordered to pay a fine in the amount of $250.00. However, the jail sentence and fine were suspended and appellant was placed on non-reporting probation for a period of twelve (12) months. As part of his probation, appellant was ordered to have no contact with the victim, Kathy Lemley, except "as expressly ordered by the Morrow County Domestic Relations Court relative to visitation with the parties' minor child."
 {¶ 5} After a Motion to Revoke appellant's probation was filed, a show cause hearing was held on March 20, 2006. Appellant was present at the hearing but, was unrepresented by counsel. As memorialized in a Journal Entry filed the same day, the trial court found that appellant had violated the terms of his probation. The trial court *Page 3 
revoked appellant's probation in part and ordered appellant to serve (10) days of the previously suspended jail time and to pay $150.00 of the previously suspended $250.00 fine. The trial court, in its entry, stated that "20 days in jail and/or $100.00 of the fine continue to be suspended on the same conditions as previously ordered by this Court."
 {¶ 6} Appellant now appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT FAILED TO ADVISE THE APPELLANT OF HIS RIGHT TO COUNSEL AND FAILED TO APPOINT COUNSEL FOR HIM.
 {¶ 8} "II. THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS IN THE MANNOR [SIC] IN WHICH IT HELD A COMMUNITY CONTROL VIOLATION HEARING.
 {¶ 9} "III. THE TRIAL COURT VIOLATED OHIO LAW IN THE MANNOR [SIC] IN WHICH IT HELD A COMMUNITY CONTROL VIOLATION HEARING.
 {¶ 10} "IV. THE TRIAL COURTS RULING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 11} Appellant, in his first assignment of error, argues that the trial court erred in failing to advise him of his right to counsel and in failing to appoint counsel for him.
 {¶ 12} Crim.R. 32.3 states, in relevant part, as follows: "(A) Hearing
 {¶ 13} "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
 {¶ 14} "(B) Counsel *Page 4 
 {¶ 15} "The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant."
 {¶ 16} Crim.R. 32.3(D) then incorporates by reference the prescription for waiver of counsel found in Rule 44(C). Crim.R. 44(C) states: "Waiver of counsel shall be in open court and the advice and waiver shall be recorded * * * In addition, in serious offense cases the waiver shall be in writing."
 {¶ 17} A petty offense is defined in Crim. R. 2(D) as "a misdemeanor other than a serious offense." Crim. R. 2(C) defines "serious offense" as "any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."
 {¶ 18} Appellant, in the case sub judice, was charged with disorderly conduct, a fourth degree misdemeanor, punishable by a maximum of 30 days confinement. Thus, appellant was charged with a petty offense. See Crim.R. 2(D).
 {¶ 19} Our review of the transcript of the March 20, 2006, hearing reveals that appellant was not represented by counsel at such hearing and that the trial court failed to advise appellant of his right to be represented by retained counsel as required by Crim.R. 32.3(B). Moreover, the trial court never questioned appellant as to whether he *Page 5 
was able to retain counsel. There is no evidence in the record that appellant waived counsel.
 {¶ 20} Because the trial court, in this matter, failed to advise appellant of his right to be represented by retained counsel prior to proceeding with the community control violation hearing,[1]
appellant's first assignment of error is sustained.
 II, III, IV {¶ 21} Based on our disposition of appellant's first assignment of error, appellant's remaining assignments of error are moot.
 {¶ 22} Accordingly, the judgment of the Morrow County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings.
 Edwards, J., Gwin, P.J., and Farmer, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.
[1] We note that appellant had appointed counsel at the time he entered his plea of no contest to disorderly conduct. *Page 1